# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DWIGHT WIGGINS,** | ) | |
| | ) | |
| **Plaintiff** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HICKMAN, WILLIAMS &** | ) | |
| **COMPANY** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

# COMPLAINT

## I.   JURISDICTION

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(3), 1343(4), 2201, and 2202. This is a suit instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, "the Civil Rights Act of 1991," 42 U.S.C. § 2000 et seq.; 42 U.S.C. § 1981, 42 U.S.C. §§ 1981a(a) and (b); and the "The Age Discrimination in Employment Act," as amended, 29 U.S.C. § 621, et seq.

2.   The discriminatory employment actions complained of herein were committed within the State of Alabama.

## II.   ADMINISTRATIVE EXHAUSTION

3.   On or about October 13, 2015, the Plaintiff, Dwight Wiggins ("Wiggins") filed a Charge of Discrimination (420-2016-00113), with the Equal

Employment Opportunity Commission (hereinafter "EEOC") against the Defendant, Hickman, Williams & Company ("HWC"), within 180 days of the occurrence of the last discriminatory act. Wiggins was issued a Notice of Right to Sue by the EEOC on January 20, 2017. Wiggins is filing this lawsuit within ninety (90) days of receiving his Notice of Right to Sue. Wiggins is also filing this lawsuit within the four-year statute of limitations for claims initiated pursuant to 42 U.S.C. § 1981.

### III.   PARTIES

4. Plaintiff, Dwight Wiggins, is a citizen of the United States and a resident of the State of Alabama. Wiggins is over the age of forty (40) having been born on March 24, 1952.

5. Defendant, Hickman, Williams & Company, is an entity subject to suit under Title VII of the "Civil Rights Act of 1964" as amended and 29 U.S.C. § 621, et seq. HWC employs over fifteen employees.

### IV.   FACTS

6. The Plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail herein below.

7. Wiggins began his employment with the Defendant in 1982. Wiggins' job title is supervisor, however, he has to perform all of the duties of an hourly employee and has few, if any, supervisory duties.

8. On many occasions during his employment, Wiggins has sought numerous promotional opportunities. For example, in October of 2015, the Defendant promoted a much younger white male to the position of Plant Superintendent and this position was not posted for open bid. The Defendant employs a "tap on the shoulder" method of promoting individuals which in practice often works to exclude African-American and/or older employees from jobs of higher pay and responsibility.

9. The actions of the Defendant were done with malice and/or reckless disregard for the Plaintiff's federally-protected rights.

10. As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience and loss of enjoyment of life.

11. This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 1981, and 29 U.S.C. § 621.

## V.     CAUSES OF ACTION

### COUNT I
### RACE DISCRIMINATION IN VIOLATION
### OF TITLE VII AND 42 U.S.C. § 1981

12.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above with the same force and effect as if fully set out in specific detail hereinbelow.

13.    Plaintiff was subjected to unequal treatment regarding his employment because of his race. Defendant discriminates on the basis of race in promotions and other terms and conditions of employment.

14.    As a direct consequence of Defendant's discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

### COUNT II
### AGE DISCRIMINATION IN
### VIOLATION OF 29 U.S.C. § 621

15.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-14 above with the same force and effect as if fully set out in specific detail hereinbelow.

16.    As a consequence and effect of this unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

17.    Plaintiff has suffered embarrassment, humiliation, mental distress and

emotional pain and anguish as a consequence of this demeaning and unlawful conduct.

18.	The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including liquidated damages, is his only means of securing adequate relief.

19.	The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court:

1.	Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff;

2.	Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the defendant's request from continuing to violate the Plaintiff's rights;

3.	Enter an Order requiring the Defendant to make the Plaintiff whole by

granting him appropriate declaratory and injunctive relief, and back-pay, (plus interest), as well as nominal and/or compensatory, liquidated damages, punitive damages, and other benefits of employment;

    4.    The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF REQUESTS A TRIAL BY JURY
ON ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

/s/Roderick T. Cooks
Roderick T. Cooks
Charity Gilchrist-Davis
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite 815
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)278-5876
email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS:**
Dwight Wiggins
c/o WINSTON COOKS, LLC
505 20th Street North

Suite 815
Birmingham, AL 35203
Tel: (205)502-0970
Fax: (205)278-5876
email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**
Hickman, Williams & Company
250 East Fifth Street, Suite 300
Cincinnati, OH 45202